IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:02CV221-H

| | |
|---|---|
| CAMBRIDGE-APEX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN CRAFTSMEN, INC.; ANDERSON AWNING & CANVAS PRODUCTS, INC.; ASSOCIATED SCAFFOLDING COMPANY, INC.; CAROLINA SUNROCK CORPORATION; CHEROKEE SANFORD BRICK; CHISHOLM SERVICES INC.; COMPLETE MASONRY, LLC; DIVERSIFIED FIRE PROTECTION, INC.; ENCOMPASS ELECTRICAL TECHNOLOGIES NORTH CAROLINA, INC.; EPOXY FLOOR SYSTEMS, INC.; FIDELITY AND DEPOSIT COMPANY OF MARYLAND a/k/a ZURICH NORTH AMERICA SURETY & FINANCIAL ENTERPRISES; HAMLIN ROOFING COMPANY, INC.; HERTZ EQUIPMENT RENTAL CORP.; J. A. & G., INC. d/b/a JOHN A. GLASSELL COMPANIES; MARTIN ARCHITECTURAL PRODUCTS, INC.; NEFF RENTAL, INC.; PATRIOT WASTE SYSTEMS; PIPEMASTERS, INC.; PROFESSIONAL CONCRETE CONSTRUCTION, LLC; RALEIGH GLASS & MIRROR CO., INC.; R.J. WIGGINS ELECTRICAL CONTRACTING; S & S DRYWALL CONTRACTORS, INC.; S&ME, INC.; STEELWORKS, INC.; TOM ROCHESTER & ASSOCIATES, INC. d/b/a SOUTHEASTERN ARCHITECTURAL SYSTEMS; T-REX CONSTRUCTION; TRIANGLE MATERIALS, INC.; TVS, INC.; TWO HAWK EMPLOYMENT SERVICES, LLC; THE VENTURA CONSTRUCTION GROUP, INC.; AND WESTER FARMS MASONRY, LLC,<br><br>    Defendants. | COMPLAINT IN INTERPLEADER |

C-773129v01-129431000

Plaintiff Cambridge-Apex, LLC ("Cambridge") alleges as follows in support of its claim for statutory interpleader relief in this matter:

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. Cambridge is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina. Cambridge is the owner of the Olive Chapel Shopping Center (the "Center") in Apex (Wake County), North Carolina. The claims at issue in this matter arise from the construction of the Center.

2. American Craftsmen, Inc. ("American") is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

3. Anderson Awning & Canvas Products, Inc. is a South Carolina corporation with its principal place of business in Anderson, South Carolina.

4. Associated Scaffolding Company, Inc. ("Associated") is a North Carolina corporation with its principal place of business in Durham County, North Carolina.

5. Carolina Sunrock Corporation is a North Carolina corporation with its principal place of business in Butner, North Carolina.

6. Cherokee Sanford Brick is a Delaware corporation with its principal place of business in Johnson City, Tennessee.

7. Chisholm Services, Inc. is, a North Carolina corporation with its principal place of business in Alamance County, North Carolina.

8. Complete Masonry, LLC ("Complete") is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

9. Diversified Fire Protection, Inc. is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina.

10. Encompass Electrical Technologies North Carolina, Inc. is a North Carolina corporation with its principal place of business in, upon information and belief, Mecklenburg County, North Carolina.

11. Epoxy Floor Systems, Inc. ("Epoxy") is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

12. Upon information and belief, Fidelity and Deposit Company of Maryland a/k/a Zurich North America Surety & Financial Enterprises ("Zurich") is a non-North Carolina entity with its principal place of business in Baltimore, Maryland.

13. Hamlin Roofing Company, Inc. is a North Carolina corporation with its principal place of business in Garner, North Carolina.

14. Hertz Equipment Rental Corp. ("Hertz") is a Delaware corporation with its principal place of business in New Jersey.

15. Upon information and belief, J. A. & G., Inc. d/b/a John A. Glassell Companies ("Glassell") is a Louisiana corporation with its principal place of business in Memphis, Tennessee.

16. Martin Architectural Products, Inc. is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

17. Neff Rental, Inc. is a Florida corporation with its principal place of business in Miami, Florida.

18. Patriot Waste Systems is, upon information and belief, a North Carolina entity with its principal place of business in Guilford County, North Carolina.

19. Pipemasters, Inc. is a North Carolina corporation with its principal place of business at Walnut Cove, North Carolina.

20. Professional Concrete Construction, LLC is a North Carolina limited liability company with its principal place of business in New Hill, North Carolina.

21. Raleigh Glass & Mirror Co., Inc. is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

22. R.J. Wiggins Electrical Contracting is, upon information and belief, a North Carolina entity with its principal place of business in Apex, North Carolina.

23. S & S Drywall Contractors, Inc. is a North Carolina corporation with its principal place of business in Red Springs, North Carolina.

24. S&ME, Inc. is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

25. Steelworks, Inc. ("Steelworks")is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

26. Tom Rochester & Associates, Inc. d/b/a Southeastern Architectural Systems ("Southeastern") is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina.

27. T-Rex Construction ("T-Rex") is a North Carolina corporation with its principal place of business in Wake County, North Carolina.

28. Triangle Materials, Inc. is a North Carolina corporation with its principal place of business in Morrisville, North Carolina.

29. TVS, Inc. is a North Carolina corporation with its principal place of business in Alamance County, North Carolina.

30. Two Hawk Employment Services, LLC is a North Carolina limited liability company with its principal place of business in Robeson County, North Carolina.

31. The Ventura Construction Group, Inc. ("Ventura") is a North Carolina corporation with its principal place of business in Orange County, North Carolina.

32. Wester Farms Masonry, LLC is a North Carolina limited liability company with its principal place of business in Louisburg, North Carolina.

33. As further alleged below, Cambridge has custody or possession of funds in the approximate amount of $235,000 as to which Defendants are adverse claimants. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1335 based upon the value of the disputed funds in the custody or possession of Cambridge and the diversity of citizenship among the defendants. Cambridge is prepared to deposit the funds available to it into the registry of the Court, there to abide the judgment of the Court regarding the disposition of the funds, as the Court directs.

34. Venue is proper in this District under 28 U.S.C. § 1397 because one or more of the Defendants/adverse claimants reside in this District.

## ALLEGATIONS SUPPORTING INTERPLEADER RELIEF

35. Cambridge and Glassell entered into a written contract (the "Contract") under which Glassell was to furnish, as general construction contractor to Cambridge, labor and materials necessary to construct the Center. Upon information and belief, each Defendant other than Glassell and Zurich claims to have furnished Glassell, directly or indirectly, with labor, materials or both used or to be used by Glassell in the performance of its obligations to Cambridge under the Contract.

36. Prior to April 2, 2002, Glassell breached its obligations under the Contract in numerous respects. On or about April 2, 2002, Glassell further and materially breached its obligations to Cambridge under the Contract by terminating its performance with respect to the Project. Since that date Glassell has furnished no labor and materials to Cambridge pursuant to

the Contract. Upon information and belief, Glassell has no intention or capability of further performing any obligations to Cambridge under the Contract, including its obligations to pay its debts to its labor and materials suppliers, to discharge liens filed by direct or indirect labor and materials suppliers, and to indemnify Cambridge from liability and defense costs it has incurred and may in the future incur with respect to liens asserted and lawsuits filed by direct and indirect labor and materials suppliers to Glassell.

37. Beginning in the fall of 2001 and continuing through the date of filing of this Complaint, Cambridge has received lien documents or other forms of notice from each Defendant (other than Glassell and Zurich) claiming to have supplied to Glassell, directly or indirectly, labor and materials used or to be used for the improvement of the Center and requesting payment from Cambridge of amounts allegedly due and unpaid by Glassell or, in the case of indirect suppliers, by counterparts who in turn claim non-payment by Glassell.

38. The chart attached as Exhibit A to this Complaint details, as of the date of filing of this Complaint, the status of claims by Defendants as to Cambridge, including where appropriate the dates of service or filing of Notices of Claims of Lien (seeking to impose a lien on undisbursed Contract or subcontract funds) and of Claims of Lien (seeking to impose a lien on Center realty). Upon information and belief, those Defendants (other than Zurich) that have not yet, to Cambridge's knowledge, asserted a lien on real estate or funds are reasonably likely to do so following the date of filing of this Complaint.

39. Following Glassell's abandonment of the Project, Cambridge entered into agreements with certain Defendants that had formerly operated as direct or indirect subcontractors to Glassell as well as with entities that had not previously furnished labor or materials to the Project for the purpose of completing the construction work abandoned by Glassell. Under the terms of the Contract, Cambridge is entitled to "back charge" against the

unpaid balance of the Contract amount all sums it expends to correct and complete work required of Glassell under the Contract.

40. Cambridge has kept accurate records of its expenses to complete the work abandoned by Glassell. Cambridge has also maintained accurate records of the total amount of the Contract, as adjusted by charge orders after its inception, as well as amounts paid Glassell. Based on these records, Cambridge has in its custody or possession approximately $235,000 ("the Contract Balance"), representing the adjusted Contract amount, less amounts paid Glassell and amounts paid or to be paid to correct and complete its work. The Contract Balance is subject to further reduction based on delayed completion by Glassell and other defaults by Glassell, but Cambridge is prepared to tender the Contract Balance without further reduction in exchange for the interpleader relief it requests.

41. The total amount of Defendants' claims, including but not limited to claims expressed in liens, substantially exceeds the Contract Balance. Further, because the total amount of liens asserted against funds in the custody or possession of Cambridge with respect to the Center exceeds the Contract Balance, and because Cambridge has no contractual relationship with these lien claimants sufficient to determine what portion of their amounts claimed, if any, is due and payable, Cambridge cannot accurately determine its obligations, if any, to these Defendants and is at risk of a claim or claims for wrongful payment if it makes payment except pursuant to Court order.

42. Upon information and belief, Zurich issued at the instance of Glassell surety bonds to discharge liens of Steelworks, Ventura, T-Rex, American, and Complete. The total amount of claims subject to these bonds is $371,291.84 (including the claims of Southeastern, Associated, and Hertz, as second-tier claimants of American, Complete, and T-Rex, respectively). To the extent Zurich is obligated to disburse, or disburses, funds pursuant to one

or more such bonds, and perhaps under other circumstances, Zurich may become a claimant to all or a portion of the Contract Balance. As such, upon information and belief, Zurich is an adverse claimant with respect to the Contract Balance along with its co-defendants.

43. A number of those Defendants that have asserted liens have also filed lawsuits in various state courts of North Carolina. The chart found at Exhibit B to this Complaint indicates those Defendants that have filed lawsuits and, for each lawsuit filed through the date of filing of this Complaint, the named parties to the lawsuit, the court in which the lawsuit is pending, and the case number assigned in the lawsuit.

## COUNT ONE

### *(Claim by Cambridge for Interpleader Relief)*

44. As alleged above, Cambridge has in its custody or possession funds subject to multiple claims that exceed the total of these funds. Determination of the Defendants' rights, if any, to these funds depends on the terms of agreements to which Cambridge is not a party and on facts and circumstances with which Cambridge is not personally familiar. In addition, the Center as well as the Contract Balance have become the subject of liens and of North Carolina State Court lien enforcement actions. It would be in the interest of Defendants, considered as a group, to determine their rights to the Contract Balance in a single consolidated proceeding rather than in multiple proceedings, particularly multiple proceedings to which fewer than all Defendants are parties and that may lead to outcomes that are inconsistent and that favor those Defendants first able to move their lawsuits to trial in North Carolina State Court.

45. Cambridge is entitled under 28 U.S.C. § 2361 to an order restraining Defendants from instituting or from further prosecuting any proceeding in any State or United States Court to enforce lien claims against the Center or the Contract Balance or otherwise to seek payment from Cambridge with respect to the construction of the Center. Further, upon determination by

this Court of the amount of Contract Balance available for distribution among the Defendants, Cambridge is entitled to an order: (a) discharging it from further lien or other liability to any Defendant upon its deposit of such amount with the registry of the Court; and (b) making permanent the injunction against the institution or prosecution of any proceeding affecting the Center or the unpaid Contract Balance.

## COUNT TWO

### *(Claim for Declaratory Relief as to Zurich)*

46. Upon information and belief, based on statements by former legal counsel for Glassell to counsel for Cambridge, Zurich may contend that one or more of the lien discharge bonds issued by it have been "cancelled." Cambridge has received no notice or written information purporting to issue from Zurich representing that any such bond has been cancelled or is otherwise not in full force according to its terms.

47. To the extent Zurich disputes its obligations under the bonds at issue in this matter, Cambridge requests a declaration of the rights and obligations of Cambridge and Zurich under each disputed bond.

48. The Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1332.

**WHEREFORE**, Cambridge requests that the Court enter an order:

1. Restraining on a preliminary and ultimately a permanent basis Defendants from instituting or prosecuting any proceeding in any State or United States Court affecting the Center, the Contact Balance, or other property of or in the custody of Cambridge alleged to be subject to payment claims of Defendants;

2. Discharging Cambridge from further liability to the Defendants upon proof by Cambridge of the unpaid Contract Balance and deposit by Cambridge of such balance as directed by the Court;

3. Determining the rights of the Defendants to the sum to be deposited by Cambridge and directing a distribution of the sum among the Defendants accordingly;

4. Declaring the rights and obligations of Cambridge and Zurich under the bonds at issue in this action; and

5. Awarding Cambridge such other and further relief as may be just and proper.

This _C<sup>/4</sup>_ day of June, 2002.

Edward F. Hennessey, IV
N.C. Bar No. 15899
Attorney for Plaintiff

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Phone: (704) 377-2536
Fax: (704) 378-4000