**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:02-CV-221-MU**

| | | |
|---|---|---|
| CAMBRIDGE-APEX, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| AMERICAN CRAFTSMEN, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
|     Defendants | ) | ORDER |
| | ) | |
| DIVERSIFIED FIRE PROTECTION, INC., | ) | |
| | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| LOWE'S FOOD STORES, INC., | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

This matter is before the Court upon its March 1, 2005 Order directing each Defendant to submit an affidavit stating the amount which it is entitled to receive from the Interpleader Stake (the "Stake") due to the breach by J.A.&G., Inc. d/b/a John A. Glassell Companies. Since the March Order, Cambridge Properties, Inc. ("CPI") has filed a Motion to Intervene in this matter for purposes of the division of the Stake [file doc. 248]. In addition, Plaintiff and CPI have filed an Objection to Claims Seeking Interest on Liened Amounts [file doc. 249]. And, as requested by the Court, Defendants Hamlin Roofing Company [file doc. 250], Raleigh Glass & Mirror Company, Inc. [file doc. 251], General Shale Brick, Inc. d/b/a Cherokee Sanford Brick [file doc.

252], Associated Scaffolding Company, Inc. [file doc. 253], R.J. Wiggins Electrical Contracting [file doc. 254], and Martin Architectural Products, Inc. [file doc. 255] each filed Affidavits stating the amount to which each is entitled from the Stake. Accordingly, the final matter at issue in Plaintiff's Complaint in Interpleader, the division of the Stake, is ripe. Any Defendants which have not yet submitted an affidavit for this division have thereby waived any right to a share of the Stake.

As this is the final matter in this action and only involves the financial division of the Stake, the Court will not provide a recitation of the facts at this time.[1]

## MOTION TO INTERVENE

CPI seeks to intervene in this matter for the purpose of asserting lien rights which were assigned to it by various defendants. Specifically, Defendants Chisholm Services, Inc., Diversified Fire Protection, Inc., Encompass Electrical Technologies North Carolina, Inc. d/b/a Watson Electrical, Shan Strigo d/b/a Pipemasters, Professional Concrete Construction, LLC, S&ME, Inc., Triangle Materials, Inc., and TVS, Inc. have each assigned their lien rights to CPI in settlement agreements. The Court first notes that had these defendants not assigned their lien rights, each would have the right to participate in the division of the Stake.

North Carolina General Statute § 44A-12 (e) permits the assignment of lien rights asserted under Chapter 44A. It appearing from the exhibits filed with the Motion to Intervene that these defendants and CPI have followed the requirements for an assignment by filing a written assignment with the clerk of superior court, this Court finds CPI to be a valid assignee of these claims. *See* N.C. Gen. Stat. § 44A-12 (e). As a valid assignee, CPI seeks to intervene

---

[1] For a full recitation of the facts, consult this Court's March 1, 2005 Order.

pursuant to Federal Rule of Civil Procedure 24 (a).  This rule provides that an applicant shall be permitted to intervene "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."  Fed. R. Civ. P. 24 (a) (2).  As the final matter in this action, the division of the Stake will necessarily impede CPI's ability to recover any part of its financial investment in the lien rights it has been assigned by the above-listed defendants.  Recovery shall either be had through the division of the Stake before this Court or not at all.  Accordingly, the Court grants CPI's Motion to Intervene in this matter for the limited purpose of establishing its claims as an assignee of Chisholm Services, Inc. in the amount of $122,895.00; of Diversified Fire Protection, Inc. in the amount of $12,110.00, of Encompass Electrical Technologies North Carolina d/b/a Watson Electrical in the amount of $110,216.24; of Shan Strigo d/b/a Pipemasters in the amount of $29,126.00; of Professional Concrete Construction, LLC in the amount of $29,830.06; of S&ME, Inc. in the amount of $7,373.65; of Triangle Materials, Inc. in the amount of $22,653.92; and of TVS, Inc. in the amount of $65,140.00.  Thus, CPI's total claim against the Stake amounts to $399,344.87.

## CLAIMS SEEKING INTEREST ON LIENED AMOUNTS

Each defendant that has submitted an affidavit is entitled to a portion of the Stake, if at all, under the North Carolina mechanic's lien statutes, Chapter 44A of the North Carolina General Statutes.  Chapter 44A permits lien claimants to enforce lien rights only up to the principal amount stated in the lien or liens, and does not permit recovery of interest, attorneys' fees, lost profits, or other amounts in addition to the lien principal.  *See* N.C. Gen. Stat. § 44A-13

3

(b); *W.H. Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 338 S.E.2d 135, *cert. denied*, 316 N.C. 731, 345 S.E.2d 398 (1986). As such, the Court will consider only the principal amounts due each defendant in its division of the Stake.[2]

## DIVISION OF THE STAKE

Having carefully reviewed the affidavits submitted pursuant to this Court's March 1, 2005 Order, the other materials filed by the parties in this matter, and the relevant North Carolina law, the Court concludes that a *pro rata* distribution of the Stake to the parties which have made their entitlements known to the Court is most consistent with the requirements of Chapter 44A and the evidence before the Court. The total principal amount sought by the defendants which have responded to the Court's March 1, 2005 Order substantially exceeds the amount of the Stake. North Carolina General Statute § 44A-21 provides:

> In the event that the funds in the hands of the obligor and the obligor's personal liability, if any, under G.S. 44A-20 are less than the amount of valid lien claims that have been filed with the obligor under this Article the parties entitled to liens shall share the funds on a pro rata basis.

Because the Stake is currently maintained in an interest-bearing account, the Court assumes that the balance of the Stake may change between the date of this Order and the earliest date on which the Clerk may arrange for distributions to be made from the Stake. Accordingly, the Clerk is directed to arrange for the full distribution of the Stake, through checks to be made payable to the below-indicated entities and transmitted to each entity's counsel of record,[3] at the

---

[2] This Order is not intended to address any contract or other claims which may entitle any defendant to interest, attorneys' fees, or other amounts exceeding the lien principal.

[3] The Court notes that R.J. Wiggins Electrical Contracting is not represented by counsel, and as such this defendant's check shall be transmitted to Mr. Robert J. Wiggins at the address of record in this matter for this defendant.

earliest date reasonably feasible following this Order. Distribution of the Stake shall be made to the following entities based upon the indicated verified lien principal claim amounts and the indicated *pro rata* percentages:

| RECIPIENT | TOTAL CLAIM AMOUNT | PERCENTAGE OF STAKE |
|---|---|---|
| Cambridge Properties Inc. | $399, 344.87 | 53.3 % |
| Hamlin Roofing Company | $189,124.70 | 25.2 % |
| Raleigh Glass & Mirror Company, Inc. | $100,842.00 | 13.5 % |
| General Shale Brick, Inc. d/b/a Cherokee Sanford Brick | $13,683.78 | 1.8 % |
| Associated Scaffolding Company, Inc. | $9,842.27 | 1.3 % |
| R.J. Wiggins Electrical Contracting | $31,148.99 | 4.2 % |
| Martin Architectural Products, Inc. | $5,469.20 | 0.7 % |
| **TOTAL** | **$749,455.81** | **100 %** |

## CONCLUSION

**IT IS THEREFORE ORDERED** that Cambridge Properties, Inc.'s Motion to Intervene is hereby **GRANTED** [file doc. 248].

**IT IS FURTHER ORDERED** that the Stake be divided up into the following *pro rata* percentages:

| | |
|---|---|
| Cambridge Properties Inc. | 53.3 % |
| Hamlin Roofing Company | 25.2 % |
| Raleigh Glass & Mirror Company, Inc. | 13.5 % |

| | |
|---|---|
| General Shale Brick, Inc. d/b/a Cherokee Sanford Brick | 1.8 % |
| Associated Scaffolding Company, Inc. | 1.3 % |
| R.J. Wiggins Electrical Contracting | 4.2 % |
| Martin Architectural Products, Inc. | 0.7 % |

Accordingly, the Clerk is directed to arrange for the full distribution of the Stake, through checks made payable to the above-indicated entities and transmitted to each entity's counsel of record, or where there is no retained counsel to the address of record, at the earliest date reasonably feasible following this Order.

Entry of this Order and the final distribution of the Stake pursuant to it shall fully and finally conclude all proceedings before the Court in this matter.

**Signed: July 29, 2005**

Graham C. Mullen
Chief United States District Judge